# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID EDWARD McLAUGHLIN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ATTORNEY GENERAL OF THE ) <br> STATE OF OKLAHOMA, ) <br> ) <br> Respondent. ) | Case No. CIV 18-290-JHP-KEW |

## OPINION AND ORDER

This habeas corpus action pursuant to 28 U.S.C. § 2254 was transferred to this Court from the United States District Court for the Eastern District of Arkansas, Pine Bluff Division. *McLaughlin v. Kelley*, No. 17-cv-295-DPM-JJV (E.D. Ark., Pine Bluff Div. Aug. 29, 2018) (Dkt. 32-4). Petitioner is a pro se state prisoner in the custody of the Arkansas Department of Corrections who currently is incarcerated at the Barbara Ester Unit in Pine Bluff, Arkansas.

Petitioner is challenging his Oklahoma convictions for Burglary in the Second Degree, after former conviction of nine felonies, and Unlawful Use of a Police Scanner, after former conviction of nine felonies, in the District Court of LeFlore County, Case No. CF-2009-340 (Dkts. 32-1; 32-3 at 3). These convictions are to be served after he completes his current Arkansas sentences. *Id*. Respondent has filed a motion to dismiss Petitioner's second amended petition for failure to exhaust state court remedies (Dkts. 28, 31).

Petitioner raises three grounds for habeas relief:

> I. Violation of Article III(a) of the Interstate Agreement on Detainers Act.
>
> II. Violation of Article IV(c) of the Interstate Agreement on Detainers Act.
>
> III. Ineffective assistance of trial counsel.

(Dkt. 28 at 5-7, 11-12).

The record shows Petitioner entered a blind plea of no contest to the charges in LeFlore County Case No. CF-2009-340 (Dkt. 32-2). He subsequently filed a motion to withdraw his plea, which was denied by the state district court (Dkt. 32-5 at 5-6). Petitioner next perfected a Certiorari appeal to the Oklahoma Court of Criminal Appeals in Case No. C-2017-104 (Dkt. 32-6). He raised three grounds for relief in his Certiorari appeal:

> I. Because Count 3 of the Information was dismissed at the plea hearing, the trial court was without jurisdiction to find Petitioner guilty and impose a sentence and a fine on Count 3 at the sentencing hearing. This court should, therefore, dismiss the count and remand the matter to the district court with instructions.
>
> II. Because Petitioner invoked the provisions of the Interstate Agreement on Detainers Act, the trial court's failure to conduct a trial within 180 days was a violation of the Act which requires dismissal of the case.
>
> III. Under the facts and circumstances of this case, two life sentences are shockingly excessive.

(Dkt. 32-5 at 2).

Respondent alleges Petitioner has filed a mixed petition, because only one of the three grounds for habeas relief has been exhausted through the state courts. Petitioner alleges in his response to the motion to dismiss that all grounds in the petition raise claims of constitutional violations (Dkt. 35). He does not address the issue of exhaustion.

In Ground I of the petition, Petitioner raises a claim of violation of Article III(a) of the Interstate Agreement on Detainers Act (IAD), Okla. Stat. tit. 22, § 1347 (Dkt. 28 at 5). He specifically asserts he was convicted 336 days after his request for a final disposition was filed, well past the 180-day requirement for dismissal. *Id*. at 11. Because Petitioner raised an IAD Article III claim in Proposition II of his Certiorari appeal (Dkt. 32-5 at 11-16), the Court finds Ground I of the habeas petition is exhausted.

In Ground II of the petition, Petitioner raises a violation of Article IV(c) of the IAD (Dkt. 28 at 6). In his Certiorari appeal, however, he raised a claim under a different provision of the IAD, specifically Article III, as noted above. Therefore, Ground II of the petition is unexhausted. Ground III of the petition alleges Petitioner's trial counsel was ineffective. *Id*. at 7. He acknowledges this claim was not presented in his appeal. *Id.* at 8.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should

defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

A district court has four options when faced with a "mixed" petition containing both exhausted and unexhausted claims:

> (1) dismiss the mixed petition in its entirety, *Rhines v. Weber*, 544 U.S. 269, 273 (2005); (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275-76; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

After careful review, the Court finds only Ground I of the petition is exhausted. Petitioner, therefore, is granted twenty-one (21) days to advise the Court of the direction he intends to pursue by filing one of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss the unexhausted claims, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the Court in this Order will result in dismissal of this entire action without further notice.

**ACCORDINGLY,** Respondent's motion to dismiss (Dkt. 31) is DENIED, and Petitioner is directed to advise the Court of his intentions for proceeding in this case within twenty-one (21) days by filing an appropriate pleading as set forth above. Respondent is directed to file a response or appropriate motion within twenty-one (21) days of Petitioner's

response to this Opinion and Order.

**IT IS SO ORDERED** this 11th day of September 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma